# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY A. LAVITE, #12439, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 18−cv−1628−SMY<br>) |
| JOHN LAKIN,<br>BRADLEY WELLS,<br>THOMAS GIBBONS, and<br>CHRIS JOHNSON, | )<br>)<br>)<br>)<br>) |
| Defendants. | |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

Plaintiff Gary Lavite filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred when he was incarcerated at the Madison County Jail. (Doc. 1, Doc. 9). Shortly after filing the Complaint, Plaintiff was released from detention. (Doc. 7). The Court has, on three occasions, ordered Plaintiff to submit an updated motion for leave to proceed *in forma pauperis* ("IFP") and/or to provide the Court with trust fund account information. (Docs. 6, 10, and 13). Plaintiff has failed to comply with these orders. Additionally, since October 2018, all documents that the Court has attempted to mail to the Plaintiff have been returned as undeliverable (Docs. 11, 12, 14), and Plaintiff has not provided the Court with an updated address.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with three court orders (Docs. 6, 10, and 13) and for failure to prosecute. *See* FED. R. CIV. P. 41(b). The dismissal does <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

1

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: January 3, 2019**

s/ STACI M. YANDLE
**U.S. District Judge**